In State v. Smith, Cuyahoga County Court of Common Pleas Case No. CR-344957, a jury found applicant guilty of felonious assault. In State v. Smith(June 18, 1998), Cuyahoga App. No. 72089, unreported, this court affirmed the judgment of conviction and overruled the four assignments of error asserted by appellate counsel as well as the assignment of error in applicant's pro se, supplemental brief. The Supreme Court of Ohio dismissed applicant's appeal to that court for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v. Smith(1999),84 Ohio St.3d 1447 [Supreme Court of Ohio Case No. 98-2052], petition for writ of certiorari pending in Supreme Court of the United States Case No. 98-8363. The same counsel represented applicant at trial, before this court and before the Supreme Court of Ohio.
Applicant also filed a petition for postconviction relief in Case No. CR-344957. The court of common pleas denied the petition for postconviction relief as untimely. Applicant's appeal of that decision is pending before this court as Case No. 75793.
Applicant has filed with the clerk of this court a timely application for reopening (Motion No. 1042) and assigns the following error:
 APPELLANT SMITH WAS DENIED DUE PROCESS IN IMPOSITION OF THE MAXIMUM SENTENCE FOR FELONIOUS ASSAULT AND IN SENTENCING AS A "REPEAT VIOLENT OFFENDER" UNDER O.R.C. § 2941.14, IN CONTRAVENTION OF HIS FIFTH
AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.
Applicant argues that the trial court did not comply with the requirements of the sentencing scheme imposed by Am.Sub.S.B. No. 2 for crimes committed on or after July 1, 1996.
The trial court imposed the following, consecutive terms: eight years on felonious assault under R.C. 2903.11, the maximum for a second-degree felony under R.C. 2929.14(A)(2); three years for having a firearm under R.C. 2929.14(D)(1)(a)(i); nine years as a "repeat violent offender" under R.C. 2929.14(D)(2)(b). R.C. 2929.14(C) limits the imposition of a maximum sentence, inter alia, "to certain repeat violent offenders in accordance with division (D)(2) of this section." R.C. 2929.14(D)(2)(b) provides, in part:
 If the court imposing a prison term on a repeat violent offender imposes the longest prison term * * *, the court may impose on the offender an additional definite prison term [of one to ten years] if the court finds that both of the following apply with respect to the prison terms imposed on the offender pursuant to division (D)(2)(a) of this section [repeat violent offender] and, if applicable, divisions (D)(1) [having a firearm] and (3) [major drug offender]:
 (i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
 (ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.
The trial court engaged in a limited colloquy with defendant and counsel at the time of sentencing. TR. 651, et seq. After counsel for applicant and the state presented arguments regarding the sentence, the court made the following statement:
 The Court has likewise, obviously heard the testimony in the underlying case as well as I have had an opportunity to review the pre-sentence investigative report.
 In reviewing the factors to be considered under Senate Bill Two the Court finds that there is a high likelihood of recidivism. The defendant has an extensive record which involves various prior cases, an aggravated assault with a deadly weapon, smuggling marijuana, another aggravated assault with a count of battery, as well as physical harm on prior occasions with weapons.
 In this case he caused physical harm with a gun. It was a serious crime and factors with respect to recidivism is [sic] likely.
TR. 653-654. Applicant argues that the trial court's remarks are not sufficient to comply with the requirements of R.C. 2929.14
(D)(2)(b). The state urges that we reach the opposite conclusion.
In State v. Banks(Nov. 20, 1997), Cuyahoga App. No. 72121, unreported, this court stated the requisite analysis for review of a challenge to a maximum sentence imposed under Am.Sub.S.B. No. 2.
 Under Senate Bill 2, an appellate court must review a trial court's determination and its reasons for imposing the maximum sentence. Katz and Griffin, [Ohio Felony Sentencing Law (1996-1997 Edition)] 264, Section 1.30. Prior to Senate Bill 2, a silent record was construed by appellate courts to support the judge's sentence. Now, however, R.C. 2953.08(G)(1) requires the record to affirmatively support the judge's sentence. Moreover, under R.C. 2929.19(B) (2), * * * the trial court must make a finding that gives its reasons for imposing the maximum sentence for a single offense. Revised Code 2929.14(C) specifically states the circumstances, furthermore, under which the maximum prison sentence for an offense should be imposed:
 Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this sect on.
 In the case at bar the trial court imposed the maximum sentence but made no explicit finding on the record that (1) defendant committed the worst form of the crime of receiving stolen property, or (2) defendant posed the greatest likelihood of committing future crimes, or (3) defendant was a major drug offender or repeat violent offender as defined in sections (D)(3) and (D)(2) of R.C. 2929.14.
Banks, supra,(footnotes deleted). The Banks court reversed the sentence imposed and remanded the case to allow the trial court to make the requisite finding as well as re-sentence the defendant. This court also reversed and remanded for re-sentencing several cases decided after Banks including: Statev. Davis(Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681 and 73682("In this case the trial court did not state which provision of R.C. 2929.14(C) it relied upon for imposing the maximum terms."); State v. Kebe(Nov. 12, 1998). Cuyahoga App. No. 73398, unreported (after a review of the record, this court held that R.C. 2929.14 did not authorize the maximum sentence);State v. Brooks(Nov. 5, 1998), Cuyahoga App. No. 74382, unreported ("a review of the sentencing transcript demonstrates that * * * the trial court failed to make the explicit findings required by R.C. 2929.14(C) for imposition of the maximum sentence"); State v. Hart(Nov. 5, 1998), Cuyahoga App. No. 74589, unreported (the trial court confused the standard for a minimum sentence in R.C. 2929.14(B) with that for a maximum sentence in R.C. 2929.14(C)); State v. Morris(Oct. 29, 1998), Cuyahoga App. No. 73514, unreported ("the trial court * * * failed to make explicit findings mandated by R.C. 2929.14(C)");State v. Kimmie(July 2, 1998), Cuyahoga App. No. 72904, unreported, appeal dismissed (1998), 84 Ohio St.3d 1408 [Supreme Court of Ohio Case No. 98-1693] (the maximum sentence was improper because the trial court did not make explicit findings on the record as required by the Revised Code); State v. Beasley
(June 11, 1998), Cuyahoga App. No. 72853, unreported (the trial court failed to make an explicit finding on the record).
The standard for determining whether counsel has been ineffective is well-settled.
 To establish such a claim, the [applicant] must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
State v. Munici(Nov. 30, 1987), Cuyahoga App. No. 52579, unreported, reopening disallowed (Aug. 21, 1996), Motion No. 68671, at 7. App.R. 26 (B)(5) provides:
 An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.
(Emphasis added.) In State v. Spivey(1998), 84 Ohio St.3d 24,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed(1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26 (B)(5). Spivey must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus Spivey bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25.
As Banks and the other authorities cited above demonstrate, this court has repeatedly held that the failure of a court of common pleas to make the explicit findings mandated by the Revised Code is grounds for reversal of a sentence entered under Am.Sub.S.B. No. 2. In light of this court's prior decisions, a review of the trial court's statements at sentencing reflects that applicant has met his burden of establishing that there is a genuine issue as to whether applicant has a colorable claim of ineffective assistance of counsel on appeal.
We recognize that, at the time applicant's direct appeal was briefed and argued, this court was just beginning to consider cases challenging the application of the sentencing scheme. Although this court announced the decision in Banks only two weeks before appellate counsel filed a brief on behalf of applicant, appellate counsel did not file the reply brief until four months later. Also, argument was scheduled for more than six months after Banks.
The indictment in CR-344957 indicates that the offense with which applicant was charged occurred on or about August 1. 1996 — one month after the effective date of Am.Sub.S.B. No. 2. Not surprisingly, the courts would require some time to develop case law applying the new sentencing scheme. Nevertheless, any reasonable standard of professional competence must require that counsel representing a party in a criminal case be aware of the applicable statutory requirements for sentencing. Unfortunately, appellate counsel's failure to assign as error the trial court's purported lapses in sentencing do constitute "deficient performance," the first element of ineffective assistance of counsel.
Likewise, appellate counsel's failure to assign the imposition of a maximum sentence as error prejudiced applicant. At the time applicant's direct appeal was pending, the case law regarding sentencing was in its early stages of development. Yet, a clear pattern emerges reflecting that counsel in many cases identified errors in sentencing. As Banks and the other cases cited above demonstrate, this court has systematically required trial courts to comply with the precise, literal requirements in R.C. 2929.14
regarding sentencing. There was, therefore, a "reasonable probability" that applicant would have been successful if his appellate counsel had assigned the imposition of the maximum sentence as error.
We do recognize, however, that there appear to be several bases for denying the application. For example, the same counsel represented applicant at trial, before this court and before the Supreme Court of Ohio. We have held that an attorney is not expected to raise an issue on appeal as to his or her own effectiveness at trial. See, e.g., State v. Stovall(Jan. 22, 1998), Cuyahoga App. No: 72149, unreported, reopening disallowed (Feb. 10, 1999), Motion No. 98564, at 6-7, quoting State v.Fuller(Nov. 8, 1993), Cuyahoga App. No. 63987 and 63988, unreported, reopening disallowed (Oct. 14, 1994), Motion No. 56538. at 1-2. The error assigned in this case, however, arises exclusively from the conduct of the trial court and does not reflect on the conduct of counsel before the trial court.
Similarly, we have repeatedly held that res judicata bars granting an application for reopening.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry(1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan(1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams(Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994). Motion No. 52164. For example, we have held that the filing of a pro se, supplemental brief before this court is a sufficient basis for denying an application for reopening. State v. Hunter(July 17, 1997), Cuyahoga App. Nos. 70933 and 70934, unreported, reopening disallowed (Jan. 21, 1998), Motion No. 87281, at 2-3, appeal dismissed (1998), 82 Ohio St.3d 1410 [Supreme Court of Ohio Case No. 98-429].
In this case, however, applicant's affidavit — which is not controverted — supports a finding that the application of resjudicata would be unjust. After the briefs were filed during his direct appeal, applicant learned from his current counsel — Paul F. Adamson — that he could challenge the propriety of his sentence. After retaining Adamson to file a supplemental brief, applicant dismissed Adamson on the suggestion of appellate counsel. Smith Affidavit, pars. 6-8. Applicant pro se withdrew the entry of appearance of Adamson and agreed to proceed with appellate counsel. This court later denied the request to file a supplemental brief, in part due to applicant's request to withdraw Adamson. On applicant's behalf, Adamson filed a motion for reconsideration of the denial of the request to file a supplemental brief, but this court denied the motion for reconsideration.
Also, as noted above, the same counsel represented applicant at trial, before this court and before the Supreme Court of Ohio. We have previously held that the appearance of new counsel before the Supreme Court of Ohio supports a conclusion that res judicata
bars an application for reopening. See, e.g., State v. Smith
(Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793, appeal dismissed (1996), 76 Ohio St.3d 1478 [Supreme Court of Ohio Case No. 96-1708]; State v. Rios(July 18, 1991), Cuyahoga App. No. 58934, unreported, reopening disallowed (Sept. 18, 1995), Motion No. 66129. Yet, just as appellate counsel could not be expected to raise an issue on appeal as to his or her own effectiveness at trial, appellate counsel would not be expected to raise as an issue before the Supreme Court of Ohio his own ineffectiveness on appeal. In this context and in light of this court's decisions inBanks, et al., supra, applying res judicata to bar applicant from maintaining his application would not be just. Compare State v.Manos(Feb. 10, 1994), Cuyahoga App. No. 64616, unreported, reopening granted (Sept. 13, 1996), Motion No. 72558.
As a consequence, the application for reopening (Motion No. 1042) is granted. The issues on appeal are limited to the error assigned in the application for reopening.
The clerk of the court of appeals is instructed to reassemble the record in Case No. 72089 as it was during this court's original review of the judgment entered in Case No. CR-344957 and to supplement the record with any additional filings in Case No. CR-344957. Applicant is granted leave to file a motion to supplement the record within thirty days of this entry.
Applicant's brief on the merits is due within sixty days of the date of this entry. Appellee's brief is due within twenty days of the filing of applicant's brief. Applicant's reply is due within ten days of the filing of appellee's brief. All briefs shall conform with App.R. 16, 18 and 19 as well as Loc.App.R. 16.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
 JOHN T. PATTON, J. and MICHAEL J. CORRLGAN, J. CONCUR.