JOURNAL ENTRY AND OPINION
In State v. Johnson, Cuyahoga County Court of Common Pleas Case No. CR-253619, applicant was convicted of rape and kidnapping. This court affirmed that judgment in State v. Johnson (Aug. 20, 1992), Cuyahoga App. No. 61015, unreported. The Supreme Court of Ohio dismissed applicant's appeal (filed by the same counsel who represented him before this court) for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v.Johnson (1992), 65 Ohio St.3d 1475 [Supreme Court of Ohio Case No. 92-1949].
Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because: 1) appellate counsel did not assign as error on appeal various aspects of the trial proceedings; and 2) this court should reconsider its decision regarding four assignments of error. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
Initially, we note that App.R. 26(B)(1) provides, in part:
"An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
This court's decision affirming applicant's conviction was journalized on August 31, 1992. The application was filed on April 12, 2000, clearly in excess of the ninety-day limit.
Applicant avers that he was prevented from timely filing an application due to "my legal incapacity to perform the complex legal research and necessary filings" as well as his reliance on appellate counsel. Affidavit of Good Cause, par. 3. It is well-settled, however, that ignorance of the law and reliance on counsel are not sufficient grounds to establish good cause for the failure to file a timely application for reopening. State v. Darrington (Oct. 2, 1995), Cuyahoga App. No. 65588, unreported, reopening disallowed (Oct. 27, 2000), Motion No. 17770, at 4-6. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
Likewise, the affidavit of applicant accompanying the application is not sufficient to comply with App.R. 26(B)(2) which provides, in part:
 An application for reopening shall contain all of the following:
* * *
 (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *
The "Affidavit of Benjamin Johnson" accompanying the application merely states "THAT I possess personal knowledge of the facts avered [sic] to herein * * *." (Capitalization in original.) In State v. Johnson (Dec. 14, 1998), Cuyahoga App. No. 72541, unreported, reopening disallowed (May 27, 1999), Motion No. 4430, we held that the affidavit of an attorney "which only swears to the truth of allegations contained in an application for reopening does not comply with the requirements of App.R. 26(B)(2)(d). State v. Franklin (1995), 72 Ohio St.3d 372, 650 N.E.2d 447;State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (June 22, 1998), Motion No. 91891." Id. at 5.
We must also hold in this case that the affidavit of applicant does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). Applicant's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. See, e.g., State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
Applicant's first assignment of error is:
 WHETHER APPELLATE COUNSEL FAILED IN ITS REPRESENTATION OF THE APPELLANT IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION[.]
Applicant contends that trial counsel was ineffective for failing to argue that the detective's interview with the eight-year-old rape victim was "improper" because her mother was not present during the interview. Application, at 4. Yet applicant does not cite any authority for this interview being "improper," nor has he demonstrated prejudice.
Likewise, although applicant asserts that the testimony of the examining physician, Dr. Carroll, "misrepresented the alleged evidence purporting the existence of physical penetration" of the victim, the record reflects that the doctor actually read into the record the notes made after the examination. Application, at 4. TR 160-161. Again, applicant does not cite any authority for his position, nor has he demonstrated prejudice.
Similarly, applicant does not identify the portion of the record containing what he characterizes as "Dr. Carroll's misrepresentation in her testimony as an expert in the field of psychology * * *." Application, at 5. Dr. Carroll did testify that, prior to attending medical school, she earned bachelor's and master's degrees in social work. Again, applicant does not cite any authority for his position, nor has he demonstrated prejudice.
Additionally, applicant's mere assertions that the victim's testimony was perjured are not sufficient to maintain an application for reopening. Applicant does not identify either the portions of the record which provide the bases for his claim nor the legal authority supporting his conclusion.
Applicant's first assignment of error does not, therefore, provide a basis for reopening.
Applicant's second assignment of error is:
 WHETHER THIS APPELLATE COURT SHOULD RECONSIDER ITS DECISION OVERRULING APPELLANT'S ASSIGNMENT OF ERRORS #II, III, IV AN [sic] V, THAT CREATED A MANIFEST INJUSTICE IN THE COURT'S DENIAL OF VALID CLAIMS OF ERROR CREATED BY THE TRIAL COURT AND DEFENSE COUNSEL IN VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF LAW [.]
In his second assignment of error, applicant complains about this court's disposition on direct appeal of the following assigned errors: whether rape and kidnapping are allied offenses of similar import (second assignment of error on direct appeal) ; whether applicant was entitled to a jury instruction on attempted rape (third assignment of error on direct appeal); whether testimony and commentary by the prosecutor regarding other acts were improper (fourth assignment of error on direct appeal); and whether testimony by a police detective regarding anatomically correct dolls was admissible (fifth assignment of error on direct appeal)Res judicata bars later review of a claim which this court had previously reviewed. State v. Correa-Castillo (Jan. 21, 1999), Cuyahoga App. No. 74393, unreported, reopening disallowed (June 14, 1999), Motion Nos. 4870 and 5333, at 3-4. With regard to this court's journal entry and opinion on direct appeal, applicant complains as follows: that this court "los[t] its way," Application, at 6; that this court's "reasoning was vague and outside the purview of the claims presented," Application, at 7; that this court's ruling "creates a manifest injustice and denies the course of proper jurisprudence," Application, at 8. This court has previously found inadequate an application that "merely critiques this court's analysis on direct appeal. Applicant's contentions regarding what he perceives to be the shortcomings of this court's journal entry and opinion on direct appeal are not sufficient to establish a claim for reopening."State v. Trembly (Mar. 16, 2000), Cuyahoga App. No. 75996, unreported, reopening disallowed (Oct. 20, 2000), Motion No. 16908, at 7.
Applicant's second assignment of error does not, therefore, provide a basis for reopening.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
MICHAEL J. CORRIGAN, J., and JAMES M. PORTER, J., CONCUR.