**[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 454.]**

THE STATE OF OHIO, APPELLEE, *v*. JELLS, APPELLANT.

[Cite as *State v. Jells*, 2000-Ohio-93.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel— Court of appeals' denial of application affirmed—Application denied when applicant fails to establish a colorable claim of ineffective assistance of counsel on the part of appellate counsel.*

(No. 00-1053—Submitted October 10, 2000—Decided December 27, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 54733.

_____

{¶ 1} Appellant, Reginald Jells, was convicted of aggravated murder with a death specification, and two counts of kidnapping. He was sentenced to death. Upon appeal, the court of appeals affirmed the convictions and sentence. *State v. Jells* (May 1, 1989), Cuyahoga App. No. 54733, unreported. On direct appeal as of right, we also affirmed his convictions and sentence on August 8, 1990. *State v. Jells* (1990), 53 Ohio St.3d 22, 559 N.E.2d 464.

{¶ 2} On March 11, 1999, appellant filed an application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel on his direct appeal.

{¶ 3} The court of appeals stated that the application was untimely and that Jells had failed to show good cause for the late application. The court further opined that *res judicata* also required that the application be denied. In addition, the court of appeals reasoned that counsel failed to file a sufficient affidavit, pursuant to App.R. 26(B)(2)(d), setting forth the basis for the claim that appellate counsel had been deficient in prejudicially affecting the outcome of the appeal.

**{¶ 4}** Notwithstanding those findings, the court of appeals reached the merits of appellant's claims of ineffective assistance of appellate counsel, and found that none of them was meritorious. The court relied on the standard of review in *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697, which adopted the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, in rejecting appellant's six assignments of error on their merits.

**{¶ 5}** The cause is now before the court upon an appeal as of right.

_____

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Reno J. Ordani, Jr.*, Assistant Prosecuting Attorney, for appellee.

*Shawn Martin,* for appellant.

_____

***Per Curiam.***

**{¶ 6}** Based on the reasoning set forth in its opinion, we affirm the judgment of the court of appeals denying appellant's application for reopening for failing to establish a colorable claim of ineffective assistance of counsel on the part of appellate counsel. *Spivey, supra*, 84 Ohio St.3d at 25, 701 N.E.2d at 697. In none of the six instances has Jells raised "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required under App.R. 26(B).

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

2