JOURNAL ENTRY AND OPINION
In State v. Mays, Cuyahoga County Court of Common Pleas Case No. CR-350101, applicant was convicted of attempted murder with gun specifications. This court affirmed that judgment in State v. Mays (Oct. 22, 1998), Cuyahoga App. No. 73376, unreported. The same counsel who represented applicant before this court commenced an appeal to the Supreme Court of Ohio, which dismissed applicant's appeal to that court for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v. Mays (1999),85 Ohio St.3d 1425, 707 N.E.2d 515 [Supreme Court of Ohio Case No. 98-2645].
Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that trial counsel did not protect applicant's right to a speedy trial. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
This court's decision affirming applicant's conviction was journalized on November 2, 1998. The application was filed on April 13, 2000, clearly in excess of the ninety-day limit.
Appellant asserts that the failure of his appellate counsel to send him this court's decision on direct appeal and his having been denied access to the prison law library for 6 months constitute good cause for his filing an untimely application. Delay by appellate counsel in sending a copy of the decision on direct appeal does not establish good cause for filing an untimely application. State v. Fortson (Dec. 17, 1998), Cuyahoga App. No. 72229, unreported, reopening disallowed (Jan. 23, 2001), Motion No. 18195, at 2-4. Likewise, limited access to the library at an institution does not establish good cause. State v. Hickman (Apr. 30, 1998), Cuyahoga App. No. 72341, unreported, reopening disallowed (Dec. 13, 2000), Motion No. 20830, at 2-3.
Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
Likewise, the affidavit of applicant accompanying the application is not sufficient to comply with App.R. 26(B)(2) which provides, in part:
 An application for reopening shall contain all of the following:
* * *
 (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *.
In the "Affidavit of Verity and Sworn Statement of Truthfulness from Appellant Clifton Mays" ("Mays Affidavit"), applicant avers that his appellate counsel was ineffective and that "the outcome of my appeal would have been successful" if appellate counsel had raised the issue raised in the application. Mays Affidavit, pars. 3 and 4. In the final paragraph, applicant avers: "I further swear that all of the allegations made by me inside my application for reopening herein are true and correct." Mays Affidavit, par. 5.
In State v. Johnson (Dec. 14, 1998). Cuyahoga App. No. 72541, unreported, reopening disallowed (May 27, 1999). Motion No. 4430, we held that the affidavit of an attorney "which only swears to the truth of allegations contained in an application for reopening does not comply with the requirements of App.R. 26(B)(2)(d). State v. Franklin (1995),72 Ohio St.3d 372, 650 N.E.2d 447; State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (June 22, 1998), Motion No. 91891." Id. at 5. We must also hold in this case that the affidavit of applicant does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). The affidavit merely contains legal conclusions (asserting that appellate counsel was deficient and that the outcome of the appeal would have been different) as well as applicant's general statement as to the truth of the contents of the application. None of these assertions articulates thebasis for the claim.
Applicant's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. See, e.g., State v.Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(2)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696. the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove, that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
In his sole assignment of error, applicant complains that appellate counsel was ineffective for having failed "to raise the issue that appellant received ineffective assistance of trial counsel for trial counsel[']s failure to protect appellant[']s constitutional right to a speedy trial." Application at 3. Specifically, applicant complains that trial counsel was ineffective because: he requested two continuances of trial; and he moved to dismiss the case for failure to bring applicant to trial within the speedy trial time limit established by R.C. 2945.71
despite the two prior requests for continuance by applicant's trial counsel.
The record reflects that applicant remained in jail from his arrest on April 4, 1997 through his trial, which commenced on September 15, 1997. Applicant complains about the requests for continuance by applicant's trial counsel on May 19, 1997 and June 6, 1997 — both of which were granted as reflected in journal entries issued by the trial court. The trial court also issued several other orders continuing the trial at defendant's request by entries received for filing on: July 23, 1997, September 10, 1997 and September 15, 1997 (dated September 11).
"The time for trial may be extended by * * * the period of any continuance granted on the accused's own motion * * * R.C. 2945.72(H)."Cleveland v. Seventeenth St. Assn. (Apr. 20, 2000), Cuyahoga App. No. 76106, unreported, at 5-6.
 Certainly, trial counsel was free to pursue this strategy. It is well established that courts will not second-guess counsel. See, e.g., State v. Mitchell (Apr. 3, 1997), Cuyahoga App. No. 70821, unreported, reopening disallowed (Feb. 24, 1998), Motion No. 84988 at 6-7.
State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314. unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, at 8-9, appeal dismissed (1998), 84 Ohio St.3d 1409, 701 N.E.2d 1019. We cannot presume to substitute our judgment for trial counsel's evaluation regarding his preparation and availability for trial. In light of R.C. 2945.72(H), therefore, appellate counsel was not deficient and applicant was not prejudiced by the absence of applicant's proposed assignment of error from his direct appeal.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
 ___________________________ TIMOTHY E. McMONAGLE, P.J.
 KENNETH A. ROCCO, J. and ANNE L. KILBANE, J., CONCUR.