[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 344.]

THE STATE OF OHIO, APPELLEE, *v*. WOODARD, APPELLANT.

[Cite as *State v. Woodard,* 2002-Ohio-4767.]

*Appellate procedure—Application to reopen appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Court of appeals' denial of application affirmed, when—Application denied when applicant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal as required by App.R. 26(B)(5).*

(No. 2001-1840—Submitted July 24, 2002—Decided September 25, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 61171.

_____

**Per Curiam.**

{¶1} Appellant, Eugene Woodard, was convicted of the aggravated murder of Mani Akram and sentenced to death. He was also convicted and sentenced to prison for aggravated robbery and receiving stolen property. The court of appeals affirmed his convictions and sentence. *State v. Woodard* (Apr. 23, 1992), Cuyahoga App. No. 61171, 1992 WL 84888. On appeal as of right, we also affirmed. *State v. Woodard* (1993), 68 Ohio St.3d 70, 623 N.E.2d 75, certiorari denied, *Woodard v. Ohio* (1994), 512 U.S. 1246, 114 S.Ct. 2770, 129 L.Ed.2d 883.

{¶2} Subsequently, the trial court denied Woodard's petition for postconviction relief, and the court of appeals affirmed. *State v. Woodard* (Jan. 22, 1998), Cuyahoga App. No. 71912, 1998 WL 23844. We declined to accept Woodard's appeal. *State v. Woodard* (1998), 81 Ohio St.3d 1522, 692 N.E.2d 1024. The United States Supreme Court also rejected Woodard's complaint that Ohio's clemency process violated his constitutional rights. *Ohio Adult Parole Auth. v. Woodard* (1998), 523 U.S. 272, 118 S.Ct. 1244, 140 L.Ed.2d 387.

{¶3} On November 29, 2000, Woodard filed an application in the Cuyahoga County Court of Appeals to reopen his appeal from his conviction pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel before that court. However, the court of appeals found that Woodard had failed to show good cause for filing his application more than 90 days after that court's judgment was journalized, as required by App.R. 26(B)(2)(b). *State v. Woodard* (Sept. 18, 2001), Cuyahoga App. No. 61171, 2001 WL 1134873. The court of appeals also found that Woodard's application was barred by res judicata and that Woodard "failed to meet his burden to demonstrate that 'there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal,' " as required by App.R. 26(B)(5). Hence, that court also denied the application for reopening the appeal on the merits. The cause is now before this court upon an appeal as of right.

{¶4} In his second proposition of law, Woodard asserts that his counsel have established a genuine issue as to whether he was denied the effective assistance of counsel in his initial appeal to the court of appeals. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Woodard has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696; *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456. "To show ineffective assistance, [appellant] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Woodard "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective

assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶5} We have reviewed Woodard's assertions of deficient performance by appellate counsel and find that Woodard has failed to raise "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required under App.R. 26(B)(5).

{¶6} In his first proposition of law, Woodard argues that he had good cause for the late filing of his application to reopen under App.R. 26(B) and relies, in part, upon *White v. Schotten* (C.A.6, 2000), 201 F.3d 743, to support his claim of good cause. However, our disposition of Woodard's second proposition on the merits of the case negates any need to decide this issue. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and L. Christopher Frey, Assistant Prosecuting Attorney, for appellee.

Richard Agopian, for appellant.