[Cite as *State v. Wagner*, 2022-Ohio-801.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                        No. 109678

    v.                                 :

DAVID WAGNER,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION GRANTED
**RELEASED AND JOURNALIZED:** March 16, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-19-636068-B
Application for Reopening
Motion No. 551045

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

John P. Parker, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} David Wagner has filed a timely application for reopening pursuant to App.R. 26(B). Wagner seeks to reopen the appeal, rendered in *State v. Wagner*, 8th Dist. Cuyahoga No. 109678, 2021-Ohio-3107, that affirmed the trial court's

imposition of consecutive sentences, totaling 15 years, in *State v. Wagner*, Cuyahoga C.P. No. CR-19-636068-B. We grant Wagner's application for reopening.

**{¶ 2}** Pursuant to App.R. 26(B)(1), an appellant in a criminal matter may move to reopen an appeal based on a claim of ineffective assistance of appellate counsel. The test for ineffective assistance of trial counsel, found in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is the appropriate standard to determine whether appellate counsel was ineffective under App.R. 26(B)(5). The applicant "must prove that his counsel [was] deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). To prevail on an application to reopen, defendant must establish "a colorable claim" of ineffective assistance of appellate counsel under the standard established in *Strickland*.

**{¶ 3}** The Supreme Court of Ohio, in *State v. Leyh*, Slip Opinion No. 2022-Ohio-292, a very recent opinion issued on February 8, 2022, reversed the Ninth District Court of Appeals on the basis that the applicant, through his App.R. 26(B) application for reopening, had demonstrated that there existed a genuine issue as to whether he was deprived of the effective assistance of appellate counsel. The Ohio Supreme Court further held that the applicant is not initially required, through his application for reopening, to conclusively establish ineffective assistance of appellate counsel.

> Thus, the two-stage procedure prescribed by App.R. 26(B) requires that the applicant seeking permission to reopen his direct appeal show at the first stage that there is at least a genuine issue — that is, legitimate grounds — to support the claim that the applicant was deprived of the effective assistance of counsel on appeal. *See* App.R. 26(B)(5). If that showing is made and the application is granted, the applicant must then establish at the second stage the merits of both the direct appeal and the claim for ineffective assistance of appellate counsel. *See* App.R. 26(B)(9).

*Leyh* at ¶ 25.

**{¶ 4}** The facts, pertinent to *Leyh*, involved the failure of appellate counsel to include as part of the record, a transcript, and a confidential presentence-investigation report ("PSI"). Similar to the facts in *Leyh*, Wagner argues that there exists a genuine issue as to whether appellate counsel was ineffective for failing to raise on appeal the failure of trial counsel to include a competency evaluation and a PSI as part of the trial court record. Specifically, Wagner argues that the competency report and the PSI contained mitigation information that may have resulted in the trial court imposing a lesser sentence of incarceration. As stated by the Supreme Court of Ohio:

> As we have noted, the structure and text of App.R. 26(B) plainly contemplate stages of analysis. In this case, Leyh had to show only at the first stage of the procedure a genuine issue that he was deprived of the effective assistance of appellate counsel. He was not required to conclusively establish ineffective assistance of appellate counsel just to be allowed to argue in a reopened appeal that he was deprived of the effective assistance of appellate counsel. Contrary to the reasoning of the court of appeals, Leyh did not have to prove that he would win the reopened direct appeal and prevail on his claim of ineffective assistance of appellate counsel as a precondition to reopening the direct appeal for further legal proceedings to contest the trial court's alleged failure to merge allied offenses.

*Leyh* at ¶ 35.

{¶ 5} Herein, there exists a genuine issue as to whether Wagner was deprived of the assistance of appellate counsel. We further find that there exists a reasonable probability that had appellate counsel presented the proposed assignments of error contained within the application for reopening, the results of the appeal may have been different. As a result, we find that the application for reopening is well taken. *State v. Nix*, 8th Dist. Cuyahoga No. 106894, 2019-Ohio-1640; *State v. Rosemond*, 1st Dist. Hamilton No. C-180221, 2011-Ohio-768.

{¶ 6} The reopened appeal will be limited to the issues raised in Wagner's eight proposed assignments of error in support of the application for reopening. Issues previously addressed by this court, in Wagner's original appeal, shall not be considered. *See* App.R. 26(B)(7).

{¶ 7} The court appoints John P. Parker, 988 East 18th Street, Cleveland, Ohio 44119, 216-881-0900, to represent Wagner. Counsel is instructed to apply for compensation within 30 days after journalization of this court's final decision in the reopened appeal. *See* Loc.App.R. 46(C).

{¶ 8} The clerk of courts is ordered to reassemble and transmit, within 45 days of the date of this entry, the record in 8th Dist. Cuyahoga No. 109678 as it existed during the court's original review of the judgment rendered in *State v. Wagner*, Cuyahoga C.P. No. CR-19-636068-B. Wagner is permitted to supplement the reassembled record with the competency report, the PSI, and any other material

that has been omitted from the record "by error or accident or is misstated." *See* App.R. 9(E) and 26(B)(2)(e).

{¶ 9} Briefs of the parties shall be filed in accordance with the time frames established within Loc.App.R. 16 and shall conform to the App.R. 16 and 19.

{¶ 10} Application for reopening is granted.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
CORNELIUS J. O'SULLIVAN, J., CONCUR