[Cite as *State v. Ballard*, 2025-Ohio-994.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

STEVIE ASHAUDE LYDELL BALLARD,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0033

---

Application to Reopen

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, and *Atty. Kristie M. Weilding*, Assistant Mahoning County Prosecutor, for Plaintiff-Appellee

*Atty. Rhys Brendan Cartwright-Jones*, for Defendant-Appellant.

Dated: March 14, 2025

**PER CURIAM.**

**{¶1}** Appellant seeks to reopen his appeal in *State v. Ballard,* 2024-Ohio-6074. Because Appellant's counsel was not ineffective for failing to challenge his weapons disability which stemmed from a juvenile adjudication, failing to advance an argument of self-defense, and failing to attack the sufficiency of the evidence pertaining to his concealed weapon conviction, Appellant's application to reopen is overruled.

Factual and Procedural History

**{¶2}** Appellant was involved in a shooting that occurred in the street in front of an apartment complex in Austintown, Mahoning County. As police investigated and sought to learn the identity and location of the two men involved, an eyewitness to the shooting assisted the investigation. She led police to a woman associated with both men who was able to provide police with information as to the shooters' identity. From this, Appellant was accused of approaching a vehicle, pulling a firearm from his waistband, and shooting at the driver of the vehicle before fleeing on foot. Appellant was criminally charged and convicted. This Court affirmed both his convictions and sentence on appeal.

Reopening

**{¶3}** Pursuant to App.R. 26(B)(1), a criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." An applicant must demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If the application is granted, the appellate court must appoint counsel to represent the applicant if the applicant is indigent and unrepresented. App.R. 26(B)(6)(a).

Case No. 24 MA 0033

**{¶4}** In order to show ineffective assistance of appellate counsel, the applicant must meet the two-prong test outlined *in Strickland v. Washington*, 466 U.S. 668 (1984). Pursuant to *Strickland*, the applicant must first demonstrate deficient performance of counsel and then must demonstrate resulting prejudice. *Id.* at 687. *See also* App.R. 26(B)(9).

**{¶5}** "Under this test, a criminal defendant seeking to reopen an appeal must demonstrate that appellate counsel was deficient for failing to raise the issue presented in the application for reopening and that there was a reasonable probability of success had that issue been raised on appeal." *State v. Hackett*, 2019-Ohio-3726, ¶ 6 (7th Dist.), citing *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998).

## ASSIGNMENT OF ERROR NO. 1

The trial court erred in allowing a weapons under disability conviction where no court informed the defendant of a gun disability.

**{¶6}** Appellant contends that while his juvenile adjudication subjected him to a weapons disability, the juvenile court failed to adequately advise him of this disability. In support of his argument, he cites to federal caselaw, *Rehaif v. United States,* 588 U.S. 225 (2019).

**{¶7}** As noted by the trial court, *Rehaif* involved two specific federal firearm possession statutes: U.S.C. § 922 and 924. Appellate courts in other states have since declined to apply the holding in *Rehaif* based on state law grounds. *See Howling v. State,* 478 Md. 472 (2022); *State v. Holmes,* 250 Ariz. 311 (2020).

**{¶8}** In the instant case, Appellant was tried under Ohio law and there is no precedent or law that applies the holding in *Rehaif* to Ohio law. Regardless, *Rehaif*

involved a statute related to immigration status. Specifically, the United States Supreme Court held that the state had not proven the defendant knew he remained in the United States illegally after being dismissed from his university. *Id.* at 227. The firearm statute in that case included an element that the person was within the United States illegally or unlawfully. *Id.* at 230. This is vastly different from Ohio's weapons disability law, R.C. 2923.13, and is wholly inapplicable to Appellant.

{¶9} While an argument based on federal statutory law may be raised on appeal, federal law is merely persuasive and is not binding on this Court. Thus, the failure to raise such an argument cannot be deemed ineffective assistance of counsel. Additionally, the law on which Appellant relies has no relevance to this case. Accordingly, Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

The trial court erred in not acquitting the cause where the government [sic]
to prove lack of self-defense in Ballard's case, particularly given the
ambiguity in witness testimony about who initiated the gunfire and the
requisite legal burden on the prosecution to disprove self-defense.

{¶10} Appellant contends that his appellate counsel should have argued the trial court erred by failing to require the state to prove the shooting was not an act of self-defense. Appellant relies primarily on the absence of any evidence suggesting which of the two men fired their weapon first.

{¶11} Procedurally, Appellant did not comply with the requirements necessary to assert self-defense, and Appellant acknowledged this at trial. Appellant's defense counsel rested on the premise that Appellant was not involved in the shooting; in other

words, he claimed complete innocence. This defense is in direct conflict with a self-defense theory, as an offender must admit involvement in order to claim that his or her actions were justified. Appellant continues to attack his identification as the shooter in this application. Because Appellant refused to admit at trial he was involved in the shooing in any way, appellate counsel cannot be ineffective for failing to raise arguments related to self-defense.

{¶12} We note this issue was addressed during jury deliberations, when the jurors questioned whether self-defense was a possibility. During an in-chambers meeting, the judge and counsel for both sides agreed that Appellant did not provide the requisite thirty-day notice in order to raise self-defense and, even so, "no evidence that would support a self-defense defense was presented at trial." (Trial Tr., p. 577-578.). Both the prosecutor and defense counsel agreed with this statement. This underscores that appellate counsel cannot be ineffective for failing to raise the issue. Appellant's second assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 3

The trial court erred in entering a conviction in light of insufficient evidence concerning the charge of carrying a concealed weapon, where no concrete evidence demonstrated that Ballard concealed the weapon as mandated by Ohio law.

{¶13} While Appellant has offered scant argument and no citations of relevant law, it appears that he contends there was no evidence that the weapon used in this shooting was concealed.

Case No. 24 MA 0033

**{¶14}** Appellant ignores the testimony of an eyewitness, who testified that she saw Appellant empty handed, then saw him reach into his waistband and pull out a firearm. (Trial Tr., p. 297.). If this testimony was believed, and it clearly was, it was sufficient to convict Appellant of this crime. Appellant also notes there were several delays in the briefing schedule and claims that these briefing delays are atypical. Hence, he asserts that this matter was more complicated than most cases and this issue was missed. Appellant is incorrect, as briefing delays are typical, and the delays here were not attributable to the complexity of the case, which turned entirely on the jury's determination of witness credibility.

**{¶15}** Appellate counsel cannot be ineffective for failing to contest the sufficiency of the evidence where testimony was adduced as to the contested element. As such, Appellant's third assignment of error is without merit and is overruled.

Conclusion

**{¶16}** Appellant seeks to open his appeal based on alleged instances of ineffective assistance of counsel. As none of Appellant's arguments support these allegations, we deny Appellant's application to reopen his appeal.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

Case No. 24 MA 0033

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**