JOURNAL ENTRY AND OPINION
In State v. Nelson, Cuyahoga County Court of Common Pleas Case No. CR-366974, applicant was convicted of assault (as a lesser included offense to felonious assault), felonious assault, kidnapping and domestic violence. This court affirmed that judgment in State v. Nelson (June 29, 2000), Cuyahoga App. No. 75756, unreported. The Supreme Court of Ohio dismissed applicant's appeal to that court for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v. Nelson (2000), 90 Ohio St.3d 1448
[Supreme Court of Ohio Case No. 00-1409].
Applicant has filed with the clerk of this court a timely application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to assign as error that: applicant was denied his right to effective trial counsel; and the trial court committed plain error in instructing the jury that applicant was handcuffed for everyone's safety. We deny the application for reopening on the merits. As required by App.R. 26(B)(6), the reasons for our denial follow.
Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
Applicant's first assignment of error in the application for reopening is:
 Mr. Nelson was denied his state and federal constitutional rights, under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution, to the effective assistance of counsel at trial.
During trial, the trial court ordered that applicant be handcuffed for the remainder of the trial. Applicant asserts that
 trial counsel was ineffective when he failed to: 1) request that the trial court hold a hearing and/or give the defense an opportunity to speak to the issue of shackling Mr. Nelson before those measures were used; 2) request that the trial court use less restrictive, onerous, and prejudicial means; 3) request that the jury be polled to determine whether or not shackling Mr. Nelson would prejudice them; 4) request a mistrial once the trial court shackled Mr. Nelson and the jury saw Mr. Nelson shackled for the rest of the trial; and 5) object to the trial court's jury instruction telling the jury that Mr. Nelson had to be shackled "for everyone's safety."
Application, at 5.
On direct appeal, applicant's appellate counsel assigned the following error:
 DEFENDANT-APPELLANT ROBERT NELSON WAS DENIED HIS RIGHT TO A FAIR TRIAL, THE PRESUMPTION OF INNOCENCE AND DUE PROCESS WHEN, DURING HIS TRIAL, THE TRIAL COURT ORDERED THAT HE BE HANDCUFFED FOR THE REMAINDER OF HIS TESTIMONY AND THE TRIAL.
The trial court ordered that applicant be handcuffed after a colloquy between the trial court and applicant as well as his counsel. This court summarized applicant's testimony which preceded that exchange.
 Defendant testified on his own behalf. At the outset of his testimony, defendant offered extended non-responsive answers to questions. He repeatedly announced what a good Samaritan he was and made gratuitous negative comments about the victim.
State v. Nelson (June 29, 2000), Cuyahoga App. No. 75756, unreported, at 3. Applicant has not provided this court with any controlling authority requiring that trial counsel request: a hearing or have an opportunity to speak, less restrictive means, a jury poll or a mistrial. Rather, on direct appeal, this court observed: "The Ohio Supreme Court has held that a trial court's decision whether to shackle a defendant will not be reversed on appeal absent an abuse of discretion. State v. Richey
(1992), 64 Ohio St.3d 353, 358, 595 N.E.2d 915." State v. Nelson (June 29, 2000), Cuyahoga App. No. 75756, unreported, at 7. In light of the record, this court refused to hold that the trial court abused its discretion.
We cannot, therefore, conclude that trial counsel was deficient for failing to make the requests mentioned by applicant. As a consequence, we cannot conclude that appellate counsel was deficient for failing to assert that trial counsel was ineffective.
In affirming applicant's conviction, this court noted that the evidence of applicant's guilt was "overwhelming" after concluding: "Even if defendant were improperly shackled as he contends on appeal, he has failed to show any resulting prejudice to warrant reversal." State v.Nelson (June 29, 2000), Cuyahoga App. No. 75756, unreported, at 10 (citation deleted). Likewise, applicant has failed to demonstrate prejudice upon reopening.
Applicant's second assignment of error in the application for reopening is:
 The trial court committed plain error in instructing the jury that Mr. Nelson was handcuffed for everyone's safety. This jury instruction denied Mr. Nelson his state and federal constitutional rights to the presumption of innocence and a fundamentally fair trial. Sixth and Fourteenth Amendments to the United States Constitutions; Art. I, Section 5, 10, and 16 of the Ohio Constitution.
The state urges that this court consider the portion of the jury instructions challenged by applicant in context.
 Keep a couple things in mind. We want you to decide the case based on the evidence that you have heard from the witness stand and the exhibits. You have seen the witnesses, you will have the exhibits and base your conclusion on that evidence and these instructions. Remember not to be influenced by any bias or prejudice either for or against the State of Ohio. And yesterday you saw the defendant and I have a pretty sharp conversation, you may have noticed he became cuffed after that conversation. That was done for everyone's security. If you think that I have reached a conclusion on this case, disregard it because my opinion is not important. Also, you're not to have any sympathy either for or against this defendant or any sympathy for this victim that would lead you to enter into a verdict that is not appropriate.
Transcript, at 293-294 (emphasis added).
On direct appeal, applicant contended "that the trial court's instruction to the jury to disregard the handcuffs made the entire incident even more prejudicial." State v. Nelson (June 29, 2000), Cuyahoga App. No. 75756, unreported, at 7. In response to this contention, this court observed:
 [J]urors are presumed to follow the trial court's instructions. E.g., Pang v. Minch (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313. The trial court specifically instructed the jury to decide the case based upon the evidence and there is no indication that the jurors disregarded their oaths to do so.
Id. at 9.
Applicant has not provided this court with any controlling authority that the trial court's instruction constitutes error. Applicant acknowledges that trial counsel did not object to the jury instruction in question. "Thus if an error had been committed, such error had been waived and could only be reviewed on a plain error analysis. Such an argument could succeed only if there was a clear miscarriage of justice.State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332." State v.Taylor (Oct. 17, 1996), Cuyahoga App. No. 69843, unreported, reopening disallowed (Oct. 20, 1999), Motion No. 5439, at 16, appeal dismissed (2000), 88 Ohio St.3d 1413, 723 N.E.2d 119. In light of this court's review of the record on direct appeal and conclusion noted above that the evidence of applicant's guilt was overwhelming, we cannot conclude that the trial court's allusion to security" effected a clear miscarriage of justice. As a consequence, we cannot conclude that appellate counsel's failure to assert that the instruction was plain error constituted either deficient performance or prejudice.
Applicant has not met the standard for reopening.
Accordingly, the application for reopening is denied.
KENNETH A. ROCCO. J., CONCURS:
 TIMOTHY E. McMONAGLE. J., CONCURS IN JUDGMENT ONLY.
 _____________________________________ DIANE KARPINSKI ADMINISTRATIVE JUDGE: