THE STATE OF OHIO, APPELLEE, *v.* SPIVEY, APPELLANT.

[Cite as *State v. Spivey* (1998), 84 Ohio St.3d 24.]

(No. 98–620—Submitted September 15, 1998—Decided November 25, 1998.)

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Janice T. O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Patricia A. Milhoff,* for appellant.

---

***Per Curiam.*** Spivey presents two propositions of law for our review. First, Spivey argues that his appellate attorneys were ineffective in the court of appeals because they failed to raise the ineffective assistance of trial counsel in his direct appeal to that court. Second, Spivey argues that the trial court erred in failing to specifically find that he was competent before it accepted his no contest plea and that his appellate attorneys were ineffective for failing to raise this issue on appeal.

In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). Spivey must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus Spivey bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal. We find he has failed to do so.

Spivey raised both of these issues before this court in his direct appeal, and we addressed these issues in our decision, and found they lacked merit. See *Spivey,* 81 Ohio St.3d at 417–419, 409–411, 692 N.E.2d at 162–163, 157–158. Therefore, these issues cannot now provide a basis for finding that appellate counsel was ineffective for not raising them in the court of appeals. Spivey has failed to show that had the issues been presented in the court of appeals, there was a reasonable probability that he would have been successful.

For these reasons, we affirm the court of appeals' denial of Spivey's application for reopening.

*Judgment affirmed.*


MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.