MEMORANDUM DECISION
On July 24, 1998, Nathaniel P. Wade, defendant-appellant, filed an application for a delayed reopening of his appeal pursuant to App.R. 26 and State v. Murnahan (1992), 63 Ohio St.3d 60. Appellant requests this court to reconsider his appeal "because his previous appellate counsel was ineffective." We affirmed appellant's convictions for felonious assault, a violation of R.C. 2903.11, and having a weapon while under disability, a violation of R.C. 2903.13, inState v. Wade (June 30, 1997), Franklin App. No. 96APA12-1739 (1997 Opinions 2988), unreported.
App.R. 26(B)(1) states:
 A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
A review of the record shows that appellant's application was not timely filed since it was filed more than ninety days after the journalization of our judgment. Also, a review of appellant's application shows that appellant failed to provide any reasons showing "good cause for filing at a later time." An applicant's "failure to demonstrate good cause is a sufficient basis for denying [an] application for reopening." State v. Phelps (Nov. 30, 1998), Cuyahoga App. No. 69157, unreported, discretionary appeal not allowed (1997), 80 Ohio St.3d 1411.
Additionally, appellant states in his application:
 [A]ppellant alleges that the following errors warranting the reversal of judgment and sentences transpired during the trial of this cause, to-wit: the trial judge failed to instruct the jury of the lesser included offense of aggravated assault; palin [sic] error occurs when the testimony at trial demonstrates the jury should have been allowed to consider a lesser offense and no appropriate jury instruction was given, and the verdict is against the manifest weight of the evidence.
An applicant for a reopening of the appeal from the judgment of conviction and sentence based upon a claim of ineffective assistance of counsel must prove that (1) his counsel was deficient for failing to raise the issues presented in his App.R. 26 motion, and (2) that had he presented those claims on appeal, there was a reasonable probability that he would have been successful. State v. Spivey (1998), 84 Ohio St.3d 24, 25, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 1506.
A review of appellant's application and his appeal shows that the issues raised in appellant's application are the same issues appellant's appellate counsel presented as an assignment of error in appellant's appeal:
 "(a) PLAIN ERROR OCCURS WHEN THE TESTIMONY AT TRIAL DEMONSTRATES THE JURY SHOULD HAVE BEEN ALLOWED TO CONSIDER A LESSER OFFENSE AND NO APPROPRIATE JURY INSTRUCTION WAS GIVEN.
 "(b) THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Wade, at 2989. Therefore, appellant cannot claim that his appellate counsel was deficient for failing to raise the issues stated in appellant's application for a delayed reopening of appeal.
Accordingly, we deny appellant's application for a delayed reopening of appeal because appellant has failed to: (1) show "good cause for filing at a later time" pursuant to App.R. 26(B)(1), and (2) prove that his counsel was deficient for failing to raise the issues presented in his App.R. 26 motion. We also deny appellant's motion for appointment of appellate counsel.
Application for delayed reopening of appeal, and motion for appointment of counsel denied.
BOWMAN and PETREE, JJ., concur.