**[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 329.]**

THE STATE OF OHIO, APPELLEE, *v*. SHEPPARD, APPELLANT.

[Cite as *State v. Sheppard*, 2001-Ohio-52.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Court of appeals' denial of application affirmed albeit for different reasons—Application denied when applicant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal before the court of appeals as required under App.R. 26(B)(5).*

(No. 00-1861—Submitted January 30, 2001—Decided April 11, 2001.)

APPEAL from the Court of Appeals for Hamilton County, Nos. C-950402 and C-950744.

_____

*Per Curiam.*

{¶ 1} Appellant, Bobby T. Sheppard, was convicted of the aggravated murder of Dennis Willhide and sentenced to death. He was also convicted and sentenced to prison for aggravated robbery. The court of appeals affirmed the convictions and sentence. *State v. Sheppard* (June 11, 1997), Hamilton App. Nos. C-950402 and C-950744, unreported. On direct appeal as of right, we also affirmed. *State v. Sheppard* (1998), 84 Ohio St.3d 230, 703 N.E.2d 286, certiorari denied, *Sheppard v. Ohio* (1999), 527 U.S. 1026, 119 S.Ct. 2376, 144 L.Ed.2d 779.

{¶ 2} Additionally, the trial court dismissed Sheppard's third amended petition for postconviction relief, and the court of appeals affirmed. *State v. Sheppard* (Mar. 26, 1999), Hamilton App. No. C-980569, unreported, 1999 WL 162457. We declined to accept Sheppard's appeal. *State v. Sheppard* (1999), 86 Ohio St.3d 1437, 713 N.E.2d 1049, certiorari denied, *Sheppard v. Ohio* (2000), 528 U.S. 1168, 120 S.Ct. 1190, 145 L.Ed.2d 1095.

**{¶ 3}** On March 9, 2000, Sheppard filed an application with the court of appeals to reopen his appeal from his convictions pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel before that court. However, the court of appeals found that Sheppard had failed to show good cause for filing his application more than ninety days after that court's judgment was journalized, as required by App.R. 26(B)(2)(b). *State v. Sheppard* (Oct. 2, 2000), Hamilton App. Nos. C-950402 and C-950744, unreported. Hence, that court denied Sheppard's application to reopen his appeal. The cause is now before this court upon an appeal as of right.

**{¶ 4}** We affirm the judgment of the court of appeals, albeit for different reasons. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Sheppard has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697; *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458. To show ineffective assistance, Sheppard must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.

**{¶ 5}** Moreover, to justify reopening his appeal, Sheppard "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d at 697. We have reviewed Sheppard's assertions of deficient performance by appellate counsel and find that Sheppard has failed to raise "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals as required under App.R. 26(B)(5).

**{¶ 6}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *William E. Breyer*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *Jane Perry*, Assistant Public Defender, for appellant.

————————————