[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 189.]

THE STATE OF OHIO, APPELLEE, *v*. FRAZIER, N.K.A. HALIYM, APPELLANT.

[Cite as *State v. Frazier,* 2002-Ohio-4011.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal before the court of appeals as required under App.R. 26(B)(5).*

(No. 2001-1723—Submitted May 7, 2002—Decided August 21, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 54771.

_____

PER CURIAM.

{¶1} Appellant, Abdul Haliym, formerly known as Wayne Frazier, was convicted of the aggravated murders of Marcellus Williams and Joann Richards and sentenced to death. Except for the gun specifications, the court of appeals affirmed Haliym's convictions and death sentence. *State v. Frazier* (Jan. 11, 1990), Cuyahoga App. No. 54771, 1990 WL 1494. We also affirmed his convictions and death sentence. *State v. Frazier* (1991), 61 Ohio St.3d 247, 574 N.E.2d 483.

{¶2} Subsequently, the court of appeals affirmed the trial court's decision to deny Haliym's petition for postconviction relief. *State v. Haliym* (Mar. 12, 1998), Cuyahoga App. No. 72411, 1998 WL 108139. We refused to accept Haliym's appeal of that decision. *State v. Haliym* (1998), 82 Ohio St.3d 1441, 695 N.E.2d 264.

{¶3} On August 22, 2000, Haliym filed an application with the court of appeals to reopen his direct appeal pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of his appellate counsel before the court of appeals in his first appeal.

{¶4} Under App.R. 26(B)(5), "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." The court of appeals denied Haliym's application to reopen his appeal because Haliym had not shown good cause for filing the application more than 90 days after journalization of the appellate judgment as required by App.R. 26(B)(1). Furthermore, the court of appeals found that res judicata barred this application and that Haliym failed to demonstrate that a genuine issue existed. The cause is now before this court upon an appeal as of right.

{¶5} Haliym raises three issues on this appeal. First, Haliym claims that he had good cause for the late filing of his application for reconsideration under App.R. 26(B). However, our disposition of Haliym's second and third propositions, which argue the merits of his case, negates any need to decide that issue.

{¶6} Haliym's second and third propositions relate to the merits of issues that he claims his former appellate lawyers should have raised. In proposition II, Haliym argues that his appellate counsel were ineffective by failing to challenge a jurisdictional defect resulting from a violation of the jury waiver statute, R.C. 2945.05. In proposition III, Haliym asserts that his appellate counsel were ineffective for failing to raise numerous other assignments of error on direct appeal before the court of appeals. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Haliym has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770; *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696; *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456.

**{¶7}** "To show ineffective assistance, [defendant] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *Sheppard*, 91 Ohio St.3d at 330, 744 N.E.2d 770, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Haliym "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d 696.

**{¶8}** We have reviewed Haliym's assertions of deficient performance by appellate counsel and find that Haliym has failed to raise "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5). Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

William D. Mason, Cuyahoga County Prosecuting Attorney, and Diane Smilanick, Assistant Prosecuting Attorney, for appellee.

Robert M. Ingersoll, Cuyahoga County Assistant Public Defender; and John P. Parker, for appellant.

———————————