[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 87.]

THE STATE OF OHIO, APPELLEE, *v.* BRYANT-BEY, A.K.A. BEY, APPELLANT.

[Cite as *State v. Bryant-Bey*, 2002-Ohio-5450.]

*Appellate procedure—Application to reopen appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Court of appeals' denial of application affirmed, when—Application denied when applicant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal as required by App.R. 26(B)(5).*

(No. 2001-2214—Submitted July 24, 2002—Decided October 23, 2002.)

APPEAL from the Court of Appeals for Lucas County, No. L-94-003.

_____

**Per Curiam.**

{¶1} Appellant, Gregory Bryant-Bey, also known as Gregory Bey, was convicted of the aggravated murder and the aggravated robbery of Dale Pinkelman and was sentenced to death. The court of appeals affirmed the conviction and death sentence. *State v. Bey* (Sept. 19, 1997), Lucas App. No. L-94-003, 1997 WL 586693. We also affirmed his conviction and death sentence. *State v. Bey* (1999), 85 Ohio St.3d 487, 709 N.E.2d 484, certiorari denied (1999), 528 U.S. 1049, 120 S.Ct. 587, 145 L.Ed.2d 488.

{¶2} Subsequently, the court of appeals affirmed the trial court's decision to deny Bryant-Bey's petition for postconviction relief. *State v. Bryant-Bey* (June 16, 2000), Lucas App. No. L-97-1425, 2000 WL 770131. We refused to accept Bryant-Bey's appeal of that decision. *State v. Bryant-Bey* (2000), 90 Ohio St.3d 1440, 736 N.E.2d 902.

{¶3} On October 17, 2001, Bryant-Bey filed an application with the court of appeals to reopen his direct appeal pursuant to App.R. 26(B) and *State v.*

*Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of his appellate counsel in the appeal of his murder and robbery convictions.

{¶4} Under App.R. 26(B)(5), "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." The court of appeals denied Bryant-Bey's application to reopen his appeal because Bryant-Bey had not shown good cause for filing the application more than 90 days after journalization of the appellate judgment, as is required by App.R. 26(B)(1). The cause is now before this court upon an appeal as of right.

{¶5} The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard by which to assess whether Bryant-Bey has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770; *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696; *State v. Reed* (1996), 74 Ohio St.3d 534, 534-535, 660 N.E.2d 456.

{¶6} "To show ineffective assistance, [defendant] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *Sheppard,* 91 Ohio St.3d at 330, 744 N.E.2d 770, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Bryant-Bey "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶7} We have reviewed Bryant-Bey's assertions of deficient performance by appellate counsel and find that Bryant-Bey has failed to raise "a genuine issue

as to whether [he] was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5).

{¶8} In discussing his second proposition of law, Bryant-Bey argues that he had good cause for the late filing of his application for reconsideration under App.R. 26(B). Our disposition of Bryant-Bey's appeal on the merits negates any need to decide that issue. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Julia R. Bates, Lucas County Prosecuting Attorney, and Craig T. Pearson, Assistant Prosecuting Attorney, for appellee.

Kerger & Kerger and Richard M. Kerger; and Ann M. Baronas, for appellant.

_____