THE STATE OF OHIO, APPELLEE, *v.* MITTS, APPELLANT.

[Cite as *State v. Mitts*, 98 Ohio St.3d 325, 2003-Ohio-1007.]

(No. 2002–1010—Submitted February 11, 2003—Decided March 19, 2003.)

---

**Per Curiam.**

{¶ 1} Appellant, Harry D. Mitts Jr., was convicted of the aggravated murders of Sergeant Dennis Glivar of the Garfield Heights Police Department and John Bryant and was sentenced to death. Mitts was also convicted and sentenced to

prison for the attempted murders of Lieutenant Thomas Kaiser of the Garfield Heights Police Department and Maple Heights Police Officer Thomas Mackey. The court of appeals affirmed his convictions and sentences, including the death sentence. *State v. Mitts* (Dec. 19, 1996), Cuyahoga App. No. 68612, 1996 WL 732452. On appeal as of right, we also affirmed. *State v. Mitts* (1998), 81 Ohio St.3d 223, 690 N.E.2d 522.

{¶ 2} Subsequently, the trial court denied Mitts's petition for postconviction relief, and the court of appeals affirmed. *State v. Mitts* (Sept. 28, 2000), Cuyahoga App. No. 76963, 2000 WL 1433952. We declined to accept Mitts's appeal of that decision. *State v. Mitts* (2001), 91 Ohio St.3d 1445, 742 N.E.2d 144.

{¶ 3} On January 14, 2002, Mitts filed an application in the court of appeals to reopen his direct appeal pursuant to App.R. 26(B) alleging ineffective assistance of his appellate counsel before that court. The court of appeals found that Mitts had failed to establish good cause for filing his application more than 90 days after that court's judgment was journalized, as required by App.R. 26(B)(2)(b). *State v. Mitts*, Cuyahoga App. No. 68612, 2002-Ohio-7457, 2002 WL 1335629. Additionally, the court of appeals found that Mitts had failed to meet his burden to establish that there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal, as required by App.R. 26(B)(5). Thus, the court of appeals also denied Mitts's application for reopening the appeal on the merits. This cause is now before this court upon an appeal as of right.

{¶ 4} The two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard by which to determine whether a defendant has received ineffective assistance of appellate counsel. See *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770; *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696; *State v. Reed* (1996), 74 Ohio St.3d 534, 534–535, 660 N.E.2d 456.

{¶ 5} In order to show ineffective assistance, Mitts "must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *Sheppard*, 91 Ohio St.3d at 330, 744 N.E.2d 770, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Mitts "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶ 6} We have reviewed Mitts's assertions of deficient performance by appellate counsel and find that Mitts has failed to raise "a genuine issue as to whether

[he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required by App.R. 26(B)(5).

{¶ 7} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Renee L. Snow, Assistant Prosecuting Attorney, for appellee.

Harry D. Mitts Jr., pro se.