JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Henry Epp ("appellant"), appeals from the bench trial and subsequent guilty verdict of July 23, 2002. The trial court found the appellant guilty of counts one and two, tampering with records, and count ten, possessing criminal tools. The appellant is now appealing the trial court's verdict. Having reviewed the arguments of the parties and the pertinent law, for the reasons that follow, we affirm in part and reverse in part.
 I. {¶ 2} This case involved the altering and distribution of fictitious state driver's licenses to several minors. On April 12, 2001, Detective Tolaro and Detective Escalante were engaged in the surveillance of a local convenience store in Westlake. The surveillance was the direct result of complaints the police department received from citizens regarding the purchase of alcohol by underage individuals. While engaged in the surveillance, the detectives observed appellant's seventeen-year-old brother, Brandon Epp, purchase alcohol at the convenience store.
 {¶ 3} After observing the minor purchase the beer, Detective Tolaro asked Brandon Epp for his driver's license. Brandon produced a fake driver's license and the detective asked him for his real driver's license which Brandon then produced. Brandon Epp was arrested and later released to his parents. After arresting Brandon Epp, the police continued their investigation and later obtained information implicating the appellant in the alteration and production of the Ohio driver's licenses.
 {¶ 4} On November 20, 2001, appellant was indicted on a ten-count indictment alleging eight violations of R.C. 2913.42, tampering with records; one violation of R.C. 2921.12, tampering with evidence; and one violation of R.C. 2923.24, possessing criminal tools. On December 6, 2001, appellant entered a plea of not guilty to all counts of the indictment.
 {¶ 5} On July 17, 2002, the case was called for a bench trial and the court returned its verdict on July 23, 2002. The court found the appellant guilty of counts one and two, tampering with records, and count ten, possessing criminal tools. The sentencing hearing was held on September 3, 2002, and appellant was eventually sentenced to one year probation and 80 hours of community service.
 II. {¶ 6} The appellant's first assignment of error claims that, "The conviction of appellant is in violation of appellant's right to grand jury indictment in contravention of Section X, Article I of the Ohio Constitution."
 {¶ 7} Appellant claims that his conviction is in violation of the Ohio Constitution. Appellant makes this claim because the state listed his home address in the bill of particulars; however, appellant contends that he was convicted of crimes that occurred somewhere other than his home. The appellant's argument is without merit.
 {¶ 8} The standard of review for grand jury indictments is far less stringent than the reasonable doubt standard used in criminal trials. In a major case discussing this standard, the United States Supreme Court stated the historical policy behind the deference given to the grand jury by the appellate court. The Supreme Court stated that the grand jury should not be "* * * hampered by rigid procedural or evidential rules." Costello v. United States (1956), 350 U.S. 359.
 {¶ 9} The Ohio Rules of Evidence are not applicable to proceedings before grand juries; see Evid.R. 101(C)(2). The purpose of a grand jury is to determine if probable cause exists to believe that the crime alleged was committed and that the accused committed it. (Emphasis added.) State v. Hunsaker, 78 Ohio App.3d 251.
 {¶ 10} The grand jury indictment standard of review is probable cause; this is an easier standard to satisfy than beyond a reasonable doubt. The appellant's claim as it relates to venue in this case is satisfied under the probable cause standard used in the grand jury phase. The conviction of the appellant in this case was not in violation of his constitutional rights.
 {¶ 11} The appellant's first assignment of error is denied.
 III. {¶ 12} The appellant's second assignment of error states, "The trial court erred in failing to dismiss the indictment where the appellant should have been charged with a violation of R.C. 2912.31(B)[sic], a more specific, special provision of the Ohio Revised Code," instead of R.C. 2913.42, tampering with records.
 {¶ 13} R.C. 2913.31 states the following:
§ 2913.31 Forgery; identification card offenses.
 (A) No person, with purpose to defraud, or knowing that the person isfacilitating a fraud, shall do any of the following:
 (1) Forge any writing of another without the other person's authority;
 (2) Forge any writing so that it purports to be genuine when itactually is spurious, or to be the act of another who did not authorizethat act, or to have been executed at a time or place or with termsdifferent from what in fact was the case, or to be a copy of an originalwhen no such original existed;
 (3) Utter, or possess with purpose to utter, any writing that theperson knows to have been forged.
 (B) No person shall knowingly do either of the following:
 (1) Forge an identification card;
 * * *
 (C)(2) Whoever violates division (B) of this section is guilty offorging identification cards or selling or distributing forgedidentification cards. Except as otherwise provided in this division,forging identification cards or selling or distributing forgedidentification cards is a misdemeanor of the first degree. If theoffender previously has been convicted of a violation of division (B) ofthis section, forging identification cards or selling or distributingforged identification cards is a misdemeanor of the first degree and, inaddition, the court shall impose upon the offender a fine of not lessthan two hundred fifty dollars.
 {¶ 14} Appellant's conduct in this situation involved several actions that resulted in his crimes extending beyond the scope of R.C. 2912.31(B), forging identification cards. Appellant engaged in several different actions. Appellant scanned information into a computer, forged the information, and advised individuals to go to the BMV to make false claims. The appellant's actions extend beyond the forging of identification cards and properly fit within the parameters of the crime charged. Appellant was charged under the proper section of the Ohio Revised Code.
 {¶ 15} The appellant's second assignment of error is denied.
 IV. {¶ 16} Appellant's third assignment of error claims, "The trial court's verdict is not supported by sufficient evidence."
 {¶ 17} An appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 18} In the case sub judice, the trial court's verdict was not supported by sufficient evidence. Appellant makes three arguments relating to his third assignment of error. They include the following: proper venue, the definition of a record, and the purpose to defraud.
 {¶ 19} In the case at hand, venue was not established beyond a reasonable doubt. The charges against appellant indicated that the crimes took place at the appellant's home address, 2165 Elmwood Drive, Westlake, Ohio, not at the appellant's school address. However, the testimony of Mr. Moorman failed to throughly establish at which location the crime took place. Mr. Moorman's testimony demonstrates several inconsistencies regarding the location of the crime committed. Mr. Moorman testified he was home from school when he had a conversation with the appellant about manufacturing the fake licenses. Nevertheless, Mr. Moorman testified that he sent the money to the appellant's college address and not his home address.
 {¶ 20} Furthermore, Mr. Moorman testified that when he and the appellant exchanged addresses, they both used their college addresses, nottheir home addresses.[1] (Emphasis added.) Mr. Moorman further testified that he actually did not see where the fake licenses were made.[2] Mr. Moorman testified that he knew appellant had another computer at school. In addition, Mr. Moorman testified that he communicated with the appellant via instant messaging and acknowledged that the appellant could communicate with him just as easily from the school computer as the home computer.
 {¶ 21} The testimony and physical evidence regarding appellant's actions at his home address and school address cast doubt on the selected venue. The testimony and evidence presented does not rise to the level required to convince the average mind of the defendant's guilt beyond a reasonable doubt.
 {¶ 22} In the appellant's second claim in his third assignment of error, he states that a personal driver's license is not a record as contemplated by R.C. 2913.42.
 {¶ 23} R.C. 2913.42 Tampering with records provides:
§ 2913.42 Tampering with records.
 (A) No person, knowing the person has no privilege to do so, and withpurpose to defraud or knowing that the person is facilitating a fraud,shall do any of the following:
 (1) Falsify, destroy, remove, conceal, alter, deface, or mutilate anywriting, computer software, data, or record;
 (2) Utter any writing or record, knowing it to have been tampered withas provided in division (A)(1) of this section.
 (B)(1) Whoever violates this section is guilty of tampering withrecords.
 * * *
 (4) If the writing, data, computer software, or record is kept by orbelongs to a local, state, or federal governmental entity, a felony ofthe third degree. (Emphasis added.)
 {¶ 24} The fictitious reproductions of the driver's licenses in this specific case do not fit the definition of a writing kept by orbelonging to the local, state, or federal governmental entity. The state failed to show that the writings in this particular case were kept by or belonged to the state. Keep is defined as "to have or to retain in one's power or possession." The State of Ohio did not keep possession of the fictitious licenses. Belong is defined as "to be the property of."[3]
The fictitious licenses did not belong to the state.
 {¶ 25} The writings in question were not kept by the state, nor did they belong to the state. Therefore, R.C. 2913.42(B)(4) does not apply here and the court is to apply R.C. 2913.42(B)(2)(a).
 {¶ 26} Thirdly, appellant declares that the state failed to offer evidence that the alleged crime was committed with the purpose to defraud or with the knowledge that the appellant was facilitating a fraud on the state. Appellant's claim is accurate; the prosecution did not prove beyond a reasonable doubt that appellant acted with the purpose to defraud the state.
 {¶ 27} The appellant created fictitious driver's licenses without the purpose or knowledge to defraud the state. The prosecution failed to present evidence that the appellant was facilitating a fraud on the State of Ohio. There was no evidence presented that the appellant had knowledge that the State of Ohio was to be defrauded. Appellant produced fictitious driver's licenses for a few of his friends. Appellant did not do so with the intent or purpose to defraud the state, but with the intent to provide identification to his friends so that they could gain entrance into clubs or obtain alcoholic beverages. These activities did not involve a fraud upon the state, but upon private individuals or companies aiding or abetting the violation of Ohio liquor laws. The trial court's verdict is not supported by sufficient evidence.
 {¶ 28} The appellant's third assignment of error is well taken and therefore granted.
 V. {¶ 29} Appellant's fourth assignment of error states, "The conviction of appellant is against the manifest weight of the evidence."
 {¶ 30} Based on the arguments presented earlier, appellant's fourth assignment of error is moot.
 VI. {¶ 31} Appellant's fifth assignment of error states, "Trial counsel was ineffective when he failed to move for dismissal of the underlying indictments based upon the state's vindictive prosecution of the appellant."
 {¶ 32} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
 {¶ 33} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 34} The two-prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 687, is the appropriate standard by which to determine whether a defendant has received ineffective assistance of appellate counsel. See State v. Sheppard (2001), 91 Ohio St.3d 329, 330;State v. Spivey (1998), 84 Ohio St.3d 24, 25.
 {¶ 35} In order to show ineffective assistance, appellant "must prove that his counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." Sheppard, 91 Ohio St.3d at 330, citing State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.
 {¶ 36} It is with the above standards in mind that we evaluate appellant's ineffective assistance of counsel claim. The appellant has failed to meet either of the Strickland requirements. The performance of appellant's counsel in this case was neither flawed nor deficient. Appellant was well represented by two attorneys in this case, one of whom was the appellant's father. Furthermore, appellant failed to show that the result of this legal proceeding would have been different.
 {¶ 37} It is common practice for the prosecution to arrange deals with minor actors in criminal dealings to strengthen the case against the more culpable individual. The appellant's extensive involvement in the fictitious driver's licenses warrants the different treatment he received.
 {¶ 38} The appellant's fifth assignment of error is not well taken.
 VII. {¶ 39} The appellant's third assignment was well taken and all other assignments were denied. Previously, in the appellant's third assignment of error we stated that the trial court classified the fictitious items in this case as writings, not records. R.C. 2913.42, tampering with records, states that if the value involves less than $500 and "if the offense does not involve data or computer software, tampering with records * * *" (i.e., a writing) then the penalty is a misdemeanor of the first degree.[4] In this case, the value involved is less than $500 and the offense involves a "writing" (not data, computer software, or tampering with "records"); consequently, R.C. 2913.42(B)(4) does not apply. Therefore, as per R.C. 2913.42(B)(2)(a), the appellant's conviction is hereby reduced from a felony to that of a misdemeanor of the first degree. Appellant failed to challenge the other charge, possessing criminal tools, therefore that misdemeanor conviction will stand.
 {¶ 40} A reversal based on insufficient evidence has the same effect as a not guilty verdict and thus precludes retrial. Tibbsv. Florida (1982), 457 U.S. 31.
 {¶ 41} Therefore, this case is hereby remanded back to the trial court for the defendant-appellant to be resentenced.
 {¶ 42} Judgment is affirmed in part, reversed in part, and remanded for resentencing.
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case is remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO and ANNE L. KILBANE concur.
[1] See Tr. p. 264, in which defense counsel, Mr. Valentine, cross-examines Mr. Moorman. Mr. Valentine: "And when you exchanged addresses, you gave him your Oxford address and he gave you his Athens address; is that correct? Mr. Moorman: Correct. Mr. Valentine: Okay. And it was to his Athens address that you sent the fifty dollars? Mr. Moorman: Correct. Mr. Valentine: Okay. And then it was to your Oxford address that he sent the fake license and then the second faceplate? Mr. Moorman: Correct."
[2] Tr. p. 264.
[3] Black's Law Dictionary (6th Ed. 1990), 155, 868.
[4] See R.C. 2913.42, tampering with records.