THE STATE OF OHIO, APPELLEE, *v.* HUGHBANKS, APPELLANT.

[Cite as *State v. Hughbanks,* 101 Ohio St.3d 52, 2004-Ohio-6.]

(No. 2000–1868—Submitted October 20, 2003—Decided January 14, 2004.)

**Per Curiam.**

{¶ 1} Appellant, Gary L. Hughbanks Jr., was convicted of the aggravated murders of William and Juanita Leeman and the aggravated burglary of their home, and sentenced to death. The court of appeals affirmed his convictions and sentence of death. *State v. Hughbanks* (Dec. 3, 1999), Hamilton App. No. C–980595, 1999 WL 1488933. On an appeal as of right, we also affirmed. *State v. Hughbanks,* 99 Ohio St.3d 365, 2003-Ohio-4121, 792 N.E.2d 1081.

{¶ 2} Subsequently, the trial court dismissed Hughbanks's petition for postconviction relief, and the court of appeals affirmed. *State v. Hughbanks,* Hamilton App. No. C–010372, 2003-Ohio-187, 2003 WL 131937. We declined to accept Hughbanks's appeal of that decision. *State v. Hughbanks,* 100 Ohio St.3d 1484, 2003-Ohio-5992, 798 N.E.2d 1093.

{¶ 3} On March 1, 2000, Hughbanks filed a timely application in the court of appeals to reopen his direct appeal pursuant to App.R. 26(B), alleging ineffective assistance of his appellate counsel before that court. The court of appeals found that Hughbanks had failed to include any discussion or arguments with respect to his 71 assignments of error and had failed to provide any statement as to "the manner in which the deficiency prejudicially affected the outcome of the appeal,"

as required by App.R. 26(B)(2)(d). Thus, the court of appeals denied Hughbanks's application for reopening the appeal on the merits. *State v. Hughbanks* (Sept. 7, 2000), Hamilton App. No. C–980595. This cause is now before this court upon an appeal as of right.

{¶ 4} The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel. See *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770; *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696; *State v. Reed* (1996), 74 Ohio St.3d 534, 534–535, 660 N.E.2d 456.

{¶ 5} In order to show ineffective assistance, Hughbanks "must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *Sheppard,* 91 Ohio St.3d at 330, 744 N.E.2d 770, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Hughbanks "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey,* 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶ 6} We have reviewed Hughbanks's assertions of deficient performance by appellate counsel and find that Hughbanks has failed to raise "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required by App.R. 26(B)(5).

{¶ 7} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Buell & Sipe Co., L.P.A., and Dennis L. Sipe, for appellant.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellee.