THE STATE OF OHIO, APPELLEE, v. MACK, APPELLANT.

[Cite as *State v. Mack,* 101 Ohio St.3d 397, 2004-Ohio-1526.]

(No. 2003–1162—Submitted January 12, 2004—Decided April 14, 2004.)

---

**Per Curiam.**

{¶ 1} Appellant, Clarence Mack, was convicted of the aggravated murder and aggravated robbery of Peter Sanelli and was sentenced to death. The court of appeals affirmed his convictions and sentence of death. *State v. Mack* (Dec. 2, 1993), Cuyahoga App. No. 62366, 1993 WL 497052. On appeal as of right, we also affirmed. *State v. Mack* (1995), 73 Ohio St.3d 502, 653 N.E.2d 329.

{¶ 2} Subsequently, the trial court dismissed Mack's petition for post-conviction relief, and the court of appeals affirmed. *State v. Mack* (Oct. 26, 2000), Cuyahoga App. No. 77459, 2000 WL 1594117. We declined to accept Mack's appeal of that decision. *State v. Mack* (2001), 91 Ohio St.3d 1459, 743 N.E.2d 400.

{¶ 3} On June 15, 2001, Mack filed an untimely application in the court of appeals to reopen his direct appeal pursuant to App.R. 26(B), alleging ineffective assistance of his appellate counsel before that court. The court of appeals found that many of Mack's arguments were barred by res judicata. The court of appeals rejected the remaining claims of ineffective assistance on the merits. This cause is now before this court upon an appeal as of right.

{¶ 4} The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel. See *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770; *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696; *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456.

{¶ 5} In order to show ineffective assistance, Mack "must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on

appeal." *Sheppard,* 91 Ohio St.3d at 330, 744 N.E.2d 770, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Mack "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Spivey,* 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶ 6} We have reviewed the assertions of deficient performance by appellate counsel and find that Mack has failed to raise "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required by App.R. 26(B)(5).

{¶ 7} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Jeffry F. Kelleher and Michael J. Benza, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker, Assistant Prosecuting Attorney, for appellee.