[Cite as *State v. Petefish*, 2012-Ohio-2723.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 78 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| JOEL PETEFISH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Application for Reopening.


JUDGMENT:     Application Denied.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Paul J. Gains
                            Mahoning County Prosecutor
                            Atty. Ralph M. Rivera
                            Assistant Prosecuting Attorney
                            21 West Boardman Street, 6th Floor
                            Youngstown, Ohio  44503


For Defendant-Appellant:     Joel Petefish, Pro se
                             #583-940
                             RiCI
                             1001 Olivesburg Road
                             P.O. Box 8107
                             Mansfield, Ohio  44901



JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                        Dated:  June 13, 2012

PER CURIAM

{¶1} Appellant, Joel Petefish, originally appealed the judgment of the Mahoning County Common Pleas Court convicting him on one count of aggravated burglary, a violation of R.C. 2911.11(A)(2)(B), a first degree felony, and two counts of abduction, a violation of R.C. 2905.02(A)(2)(C). One of the abduction counts involved Bette Merrick ("Bette"), and one involved her daughter, Melissa Merrick ("Melissa"). Both offenses are third degree felonies. In his original appeal, Appellant advanced two assignments of error. The first challenged the sufficiency of the evidence against him on the aggravated burglary and abduction charges. The second alleged his aggravated burglary and abduction charges were against the manifest weight of the evidence. We affirmed the trial court's verdict on all counts.

{¶2} We are now presented with Appellant's timely application to reopen his appeal and the state's opposition to the application. Appellant contends that he received ineffective assistance of counsel because appellate counsel did not argue that the offenses were allied. Appellant does not identify which offenses he believes are allied. The state, in opposition to Appellant's application, assumes that Appellant is arguing that his convictions for aggravated burglary and abduction should be "merged pursuant to R.C. 2941.25." The state argues that even if Appellant may have been entitled to a sentence modification based on merger, he has not shown that the alleged failure on the part of appellate counsel provides the grounds to reopen. In the alternative, the state also argues that aggravated burglary and abduction are not allied offenses and therefore counsel's performance was not deficient.

**{¶3}** Appellate Rule 26(B) governs applications for reopening. The rule provides in pertinent part, "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." App.R. 26(B)(1). The defendant seeking to reopen must also provide "[o]ne or more assignments of error * * * that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). The applicant must also provide a "sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal." App.R. 26(B)(2)(d).

**{¶4}** To justify reopening his appeal, Appellant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998), *accord State v. Sheppard*, 91 Ohio St.3d 329, 744, N.E.2d 770 (2001). "The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether [Appellant] has raised a 'genuine issue' as to the ineffectiveness of appellate counsel in his request to reopen under App. R. 26(B)." *Sheppard* at 330. To prevail on a claim of ineffective assistance of counsel Appellant must show not only that counsel's performance was deficient, but also that he was prejudiced by that deficiency. *Strickland*, *supra*, at 668; *see also State v. Williams*, 99 Ohio St.3d 493,

2003-Ohio-4396, 794 N.E.2d 27, ¶107. "Deficient performance" means performance falling below an objective standard of reasonable representation. "Prejudice," in this context, is defined as a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland* at 687-688, 694. Moreover, in evaluating the performance of counsel, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-691. In support of an application for reopening Appellant must "prove that his counsel [was] deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *Sheppard, supra,* at 330, citing *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶5} "Allied offenses" are defined in R.C. 2941.25, which provides in part: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). Determining whether offenses are allied within the meaning of the statute involves a two-step process. A court must first decide whether, when the elements of the two crimes are compared, the elements "correspond to such a degree that the commission of one crime will result in the commission of the other." *State v. Rance*, 85 Ohio St.3d 632, 638, 710 N.E.2d 699 (1999) (reversed on other grounds). When

conducting this analysis a court must consider both the elements of the offenses and the conduct of the accused. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, paragraph 1 of the syllabus (explicitly overruling paragraph one of the syllabus in *State v. Rance*, *supra*, which provided that the statutorily defined elements of offenses would be compared in the abstract, without reference to the conduct of the accused, and holding that two offenses were "allied under R.C. 2941.25 because the same conduct constituted the commission of two offenses of similar import under the facts" of the case. *Id.* at ¶9).

**{¶6}** Appellant was charged on three counts: one count of aggravated burglary and two counts of abduction, one with regard to Bette and the second with regard to Melissa, a minor. Aggravated burglary, a violation of 2911.11(A)(2)(B), occurs when a defendant has trespassed in an occupied structure (as defined by R.C. 2909.01(C)) while in possession of a deadly weapon or ordnance in violation of R.C. 2923.11, and is a first degree felony. Ohio Revised Code Section 2911.11 provides, in part:

> No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply * * * (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

{¶7} Pursuant to R.C. 2923.11, a deadly weapon is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

{¶8} Abduction is a violation of R.C. 2905.02(A)(2) and (C), which states: "No person, without privilege to do so, shall knowingly do any of the following: * * * (2) By force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear; * * * (C) Whoever violates this section is guilty of abduction * * * a felony of the third degree."

{¶9} There is no correspondence between the elements of aggravated burglary and abduction, they are wholly separate crimes and there is no instance in which "the commission of one crime will result in the commission of the other." *Rance, supra*, at 638. Even considering the specific conduct of Appellant with regard to each offense, as described in detail by us in the underlying Opinion in this matter, there is no overlap between the two offenses.

{¶10} With regard to the two counts of abduction, one count involving Bette, and one count with regard to Melissa, although the conduct satisfying the elements of each crime overlaps to a degree, each count and each conviction identifies a different victim. Committing the same crime, even simultaneously, with regard to different victims does not result in merger pursuant to R.C. 2941.25. Appellant was convicted of three separate crimes, the first a first degree felony, and the second and third, both third degree felonies with different victims. Different crimes with different penalties and different victims are not allied offenses. Appellant was in no way

prejudiced by the fact that appellate counsel did not raise an argument that had no chance of success. Based on the record before us, appellate counsel's performance was not deficient.

**{¶11}** Appellant received effective assistance of counsel in his appeal and there was no reasonable probability of success had counsel argued Appellant was convicted of allied offenses. Accordingly Appellant's application for reopening is denied.

Waite, P.J., concurs.

Donofrio, J., concurs.

DeGenaro, J., concurs.