[Cite as *State v. Leigh*, 2014-Ohio-298.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

_____

### JOURNAL ENTRY AND OPINION
### No.   99181

_____

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## AUSBURN LEIGH

DEFENDANT-APPELLANT

_____

## JUDGMENT:
### APPLICATION DENIED

_____

Cuyahoga County Court of Common Pleas
Case Nos. CR-556285 and CR-556762
Application for Reopening
Motion No. 469299

**RELEASE DATE:**   January 29, 2014

**FOR APPELLANT**

Ausburn Leigh, pro se
Inmate No. 632790
Lebanon Correctional Institution
P.O. Box 56
Lebanon, OH   45036


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** Appellant, Ausburn Leigh, has filed an application with the court of appeals to reopen this court's judgment in *State v. Leigh*, 8th Dist. Cuyahoga No. 99181, 2013-Ohio-3243, pursuant to App.R. 26(B). The record establishes that a jury convicted Leigh of felonious assault. In his initial appeal, Leigh alleged that the evidence was insufficient to sustain his conviction. *Id.* at ¶ 12. The assignment of error was overruled. Leigh contends that the ineffectiveness of appellate counsel merits the reopening of his appeal, which the state has opposed. For the reasons that follow, we deny Leigh's application for reopening.

**{¶2}** App.R. 26(B)(5) requires an appellant to show a "genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal."

**{¶3}** The appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel is the two-pronged analysis found in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10.

**{¶4}** Appellant "must prove that his counsel [was] deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *State v. Sheppard*, 91 Ohio St.3d 329, 330, 744 N.E.2d 770 (2001), citing *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. Appellant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of

counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). To establish such a claim, Leigh must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland*. Appellate counsel is neither required to raise and argue assignments of error that are meritless, nor is counsel ineffective for not raising every conceivable assignment of error. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *State v. Gumm*, 73 Ohio St.3d 413, 653 N.E.2d 253 (1995).

{¶5} Leigh asserts that his appellate counsel was ineffective in two respects: (1) counsel should have raised the ineffectiveness of trial counsel's cross-examination of the nurse witness; and (2) appellate counsel was ineffective for raising an assignment of error that challenged the sufficiency of the evidence rather than arguing that the conviction was against the manifest weight of the evidence.

{¶6} With respect to his first contention, Leigh focuses on the testimony of Nurse Enochs. Enochs is employed by the Cleveland Clinic Foundation as a staff registered nurse. She has taken care of patients who have been sexually assaulted. The victim in this case presented to the emergency room on November 10, 2011, and reported that she had been raped. While performing the rape kit examination, Enoch noted a bruise on the victim's left cheek. Enoch stated that the bruise had not happened within the past few hours.

{¶7} Days later, on November 18, 2011, police encountered the victim at a gas station where they observed her upset and crying, with cuts on her nose and left cheek.

*Leigh*, 8th Dist. Cuyahoga No. 99181, 2013-Ohio-3243, ¶ 4. A CT scan showed the victim had facial and orbital fractures. *Id.* at ¶ 6. The victim reported to police that appellant had struck her on the left side of the face.

**{¶8}** Appellant believes that, because of the bruise on the victim's left cheek, his trial counsel should have asked Enoch if it was possible that the victim's eye was already fractured on November 10, 2011. However, defense counsel did cross-examine Enoch about the bruise on her left cheek. Specifically, he asked if any X-rays had been taken to see if anything had been broken or any fractures were there at that time. Enoch said that no X-rays were taken. Defense counsel also asked if Enoch took any photographs of the bruise, and she again said no. From this line of questioning, a reasonable juror could easily have inferred that the victim had a fracture at that time. This was clearly the purpose of asking whether any X-rays had been taken. The manner in which counsel phrased his cross-examination is a matter of trial strategy and does not constitute ineffective assistance of counsel. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101 ("the scope of cross-examination falls within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel"). Even assuming the victim had a facial fracture on November 10, 2011, there is testimony in the record that indicates she suffered new and additional injuries on November 18, 2011, when appellant hit her in the face. Therefore, Leigh has not demonstrated how the result of the trial would have been different had counsel conducted

his cross-examination of Enoch differently. Accordingly, appellate counsel was not ineffective for failing to raise this issue in an assignment of error.

{¶9} Appellant also asserts that there was a reasonable probability that this court would have sustained an assignment of error challenging his conviction as being against the manifest weight of the evidence had it been raised.

{¶10} An appellate attorney has discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." *Barnes*, 463 U.S. 745, 751-752, 77 L.Ed.2d 987, 103 S.Ct. 3308. The United States Supreme Court in *Barnes* further held that

> Neither *Anders* [*v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)] nor any other decision of this Court suggests * * * that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.

*Id.* at 751. It is well settled that "[t]he power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Also, Subdivision (3) of Article IV, Section 3, Ohio Constitution, clearly states that "no judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause." The power to reverse a conviction as being against the

manifest weight of the evidence is not only restricted, but also "must be exercised with extreme caution and only in the exceptional case where the evidence weighs manifestly against conviction." *State v. Wilson,* 8th Dist. Cuyahoga Nos. 64442 and 64443, 1994 Ohio App. LEXIS 2508 (June 9, 1994). On these principles alone, Leigh's argument that his appellate counsel was ineffective for not asserting a challenge to his conviction as being against the manifest weight of the evidence is meritless.

{¶11} Additionally, a review of the record indicates that appellant's felonious assault conviction is not against the manifest weight of the evidence. A manifest weight of evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of an issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The appellate court weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the fact finder clearly lost its way and created a manifest miscarriage of justice such that the conviction must be reversed and a new trial ordered. *Martin* at 175.

{¶12} The jury found appellant not guilty on all charges except the charge of felonious assault. There was testimony from police, medical professionals, and the victim detailing the assault and the resulting injuries. Other eyewitnesses observed appellant hit the victim. There was some testimony that the victim did not suffer any bruises from the assault. Specifically, Rosario testified that the victim did not have any bruising or other injuries to her left cheek or eye following the incident. However,

Rosario also indicated that she is Leigh's former girlfriend. Considering the record as a whole, we cannot say that the jury clearly lost its way in how it resolved the conflicts in the evidence. This is not an exceptional case where the evidence weighs manifestly against Leigh's conviction for felonious assault; rather, it supports it.

{¶13} For all of the foregoing reasons, appellant has not met the standard for reopening his appeal. The application to reopen is denied.

SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR