[Cite as *State v. Ytuarte*, 2017-Ohio-683.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-06-112 |
| | : | O P I N I O N |
| - vs - | | 2/27/2017 |
| | : | |
| BRANDON MICHAEL YTUARTE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-09-1466

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Brandon Ytuarte, appeals from his conviction in the Butler County Court of Common Pleas after he pled guilty to one count of felonious assault. For the reasons outlined below, we affirm.

{¶ 2} On October 14, 2015, the Butler County Grand Jury returned an indictment charging appellant with two counts of felonious assault and two counts of aggravated

robbery. Appellant pled not guilty by reason of insanity and also requested a competency evaluation. The trial court granted appellant's request for a competency evaluation and subsequently determined that appellant was competent to stand trial in an entry filed March 17, 2016.

{¶ 3} Approximately one month later, on April 19, 2016, appellant entered into a plea agreement and pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. According to the record, the felonious assault charge arose after appellant caused serious physical harm to the victim, resulting in the loss of his left eye and fracture of four ribs. After accepting appellant's guilty plea, which the trial court found to be knowingly, intelligently, and voluntarily made, the trial court sentenced appellant to six years in prison and ordered him to serve a mandatory three-year period of postrelease control. Appellant now appeals from his conviction, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ACCEPTED HIS GUILTY PLEA WITHOUT INQUIRING INTO HIS MENTAL STATE.

{¶ 5} In his sole assignment of error, appellant argues the trial court erred by accepting his guilty plea because the trial court failed to inquire into his mental state during the plea colloquy and his plea was not knowingly, intelligently, and voluntarily made. We disagree.

{¶ 6} When a defendant enters a guilty plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Butcher*, 12th Dist. Butler No. CA2012-10-206, 2013-Ohio-3081, ¶ 8. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Payne*, 12th Dist. Butler No. CA2015-12-219, 2016-Ohio-5470, ¶ 7. To ensure that a defendant's guilty plea is knowingly, intelligently and voluntarily made, the trial court must

- 2 -

engage the defendant in a plea colloquy pursuant to Crim.R. 11(C). *Id.*

{¶ 7} As relevant here, pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 8} A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the trial court to verify the defendant understands the constitutional rights he is waiving. *State v. Shavers*, 12th Dist. Butler No. CA2014-05-119, 2015-Ohio-1485, ¶ 9. However, the trial court need only substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* Under the substantial compliance standard, the appellate court must review the totality of the circumstances surrounding the defendant's plea and determine whether the defendant subjectively understood the effects of his plea. *State v. Givens*, 12th Dist. Butler No. CA2014-02-047, 2015-Ohio-361, ¶ 12.

{¶ 9} In the present case, it is undisputed that the trial court strictly complied with the constitutional requirements of Crim.R. 11(C)(2)(c). In addition, the record reflects that the trial

court complied with the nonconstitutional notification required by Crim.R.11 (C)(2)(b). However, on appeal, appellant argues that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) by failing to inquire into his mental state and whether his prescription medications had any effect on his ability to enter a knowing, intelligent, and voluntary guilty plea.

{¶ 10}  After a thorough review of the record, we find the record does not support appellant's claim. Here, the trial court conducted a methodical Crim.R 11(C) plea colloquy before appellant entered his guilty plea. This included the trial court asking appellant if he had read and signed the plea of guilty and jury waiver form after consulting with his trial counsel.  The trial court also inquired into whether appellant was under the influence of anything that might hinder his understanding.

> THE COURT:  Are you under the influence of drugs, medication, alcohol, or anything else that might hinder your understanding of what's going on today?
>
> MR. Y'TUARTE:  No.

The trial court then fully explained the offense appellant was pleading guilty to and the possible penalties.  Thereafter the court stated:

> THE COURT:  Okay.  Do you have any questions that you would like to either ask myself or Ms. Sack about that since I inadvertently confused you?
>
> MR. Y'TUARTE:  No.
>
> THE COURT:  Okay.  Do you understand the nature of the charges that you are pleading guilty to as well as the possible penalties?
>
> MR. Y'TUARTE:  Yes.
>
> THE COURT:  I'm going to review this form with you.  First of all, have you seen this plea form before?
>
> MR. Y'TUARTE:  Yes.

THE COURT: Did you read this form?

MR. Y'TUARTE: Yes.

THE COURT: Did you understand it?

MR. Y'TUARTE: Yes.

THE COURT: Did you discuss it with your attorney, Ms. Sack.

MR. Y'TUARTE: Yes.

THE COURT: Did she answer any questions that you may have had?

MR. Y'TUARTE: Yes.

THE COURT: Did you understand what the pleas form said and what it meant?

MR. Y'TUARTE: Yes.

THE COURT: Now on the back of this form there are three signatures; one of the assistant prosecutor, one of your attorney, and one that purports to be your signature. Is this, in fact, your signature?

MR. Y'TUARTE: Yes.

\* \* \*

THE COURT: Are you entering this plea of your own free will?

MR. Y'TUARTE: Yes.

{¶ 11} As reflected in the record, the trial court followed proper procedures to ensure appellant's guilty plea was knowingly, intelligently, and voluntarily made. Appellant affirmatively stated that he was not under the influence of anything that would otherwise hinder his ability to understand the nature of the proceedings and the consequences of his plea. Contrary to appellant's argument, this is not a situation that demanded further inquiry. *See, e.g., State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, ¶ 66 ("[a]dditional inquiry is necessary into a defendant's mental state once a defendant seeking to enter a guilty plea

has stated that he is under the influence of drugs or medication"). There is nothing in the record to demonstrate that appellant was not in full possession of his faculties at the plea hearing. Therefore, finding no error with the trial court's decision finding appellant's guilty plea knowingly, intelligently, and voluntarily made, we find his single assignment of error is without merit and overruled.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.