[Cite as *State v. Curry*, 2018-Ohio-3271.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105638**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RONALD CURRY**

DEFENDANT-APPELLANT

━━━━━━━━━━━━━━━━━━━━━━━━

**JUDGMENT:**
APPLICATION DENIED

━━━━━━━━━━━━━━━━━━━━━━━━

Cuyahoga County Court of Common Pleas
Case No. CR-15-597049-A
Application for Reopening
Motion No. 517569

**RELEASE DATE:** August 10, 2018

**FOR APPELLANT**

Ronald Curry, pro se
Inmate No. 693852
Belmont Correctional Institution
68518 Bannock Road
Saint Clairsville, Ohio   43950


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Daniel T. Van
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Applicant, Ronald Curry, through App.R. 26(B), seeks to reopen his appeal where this court affirmed his convictions for rape, attempted rape, aggravated robbery, and kidnapping that occurred in Cuyahoga C.P. No. CR-15-597049-A. *State v. Curry*, 8th Dist. Cuyahoga No. 105638, 2017-Ohio-683. He claims that his appellate counsel was ineffective for failing to raise and argue a claim of ineffective assistance of trial counsel based on an allegation that trial counsel should have challenged the admissibility of certain DNA evidence by filing a motion to suppress. We deny the application to reopen.

BACKGROUND

{¶2} Curry was convicted of numerous crimes in the above case and sentenced to a nine-year prison term. This court affirmed his convictions. He then timely filed an application to reopen pursuant to App.R. 26(B), presenting one proposed assignment of error. The state filed an untimely brief in opposition, which this court struck.

STANDARD FOR REOPENING AN APPEAL

{¶3} Ohio has created a postappeal procedure to allow an indigent appellant to raise a claim that appellate counsel rendered ineffective assistance. App.R. 26(B); *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, _ 22. Similar to claims of ineffective assistance of trial counsel, "[t]he two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel." *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10, citing *State v. Sheppard*, 91 Ohio St.3d 329, 330, 744 N.E.2d 770 (2001). That means Curry must demonstrate that appellate

counsel's performance was deficient and that but for the deficient performance, there is a reasonable probability that the result of the appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996).

{¶4} Further, in order for this court to grant an application for reopening, Curry must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). To satisfy these requirements Curry "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

ADMISSIBILITY OF DNA EVIDENCE

{¶5} Curry contends that appellate counsel was ineffective by not raising a claim that trial counsel was ineffective for not challenging the admission of the results of DNA testing related to one of Curry's victims. He argues that the victim's DNA profile was not found in the results of the testing of a vaginal swab, so there was no indication that those results pertained to the allegations leveled against him. He asserts that trial counsel was required to file a motion to suppress or otherwise challenge the admissibility of the DNA results.

{¶6} "The Sixth Amendment does not require counsel to pursue a motion to suppress in every case." *State v. Bell*, 11th Dist. Lake No. 2015-L-017, 2015-Ohio-4775, _ 48, citing *State v. Jefferson*, 9th Dist. Summit No. 20156, 2001 Ohio App. LEXIS 1281 (Mar. 21, 2001). "Rather, t. he failure to file a motion to suppress constitutes ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made." *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 28.

{¶7} Curry's argument contends that the evidence is not what it purports to be. Evid.R. 901 provides "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

{¶8} A forensic DNA analyst employed by the Ohio Bureau of Criminal Investigation testified at trial. He stated that, among others, three samples from a rape kit came to his attention in the course of the investigation: A vaginal swab, a slide containing a specimen, and a saliva sample taken from the victim. They were labeled as taken from the victim with the appropriate case number and documentation. Of these three samples, he tested the vaginal swab for DNA. He also testified that a DNA sample from Curry was later submitted for testing and comparison.

{¶9} The analyst opined that a DNA profile was developed from a sperm fraction contained in the sample from the vaginal swab, and that profile was consistent with Curry's DNA standard. He also testified that there was an unidentified female DNA profile contained in the tested sample. The analyst clarified that there were no other male DNA found.

{¶10} The analyst laid out a proper foundation for the admission of the evidence. Curry has not pointed to a rule of evidence that would preclude the admission of the DNA test results. The lack of testing of a reference sample of the victim to the unknown female DNA profile developed from the swabs collected from the rape kit was highlighted by defense counsel at trial. This was properly an attack on the credibility or weight of the evidence, not its admissibility.[1]

---

[1]For instance, if Curry is attempting to argue without stating that there is a break in the chain of custody of the sample, the Ohio Supreme Court has indicated that so long as there is sufficient evidence to support a finding that the matter in question is what its proponent claims, the evidence is admissible, but its weight or credibility may be subject to challenge. *State v. Richey*, 64 Ohio St.3d 353, 360, 595 N.E.2d 915 (1992).

There are no grounds to believe that an attack on the admissibility of the DNA test results would be successful given the proper foundation laid for their admission.

{¶11} There are no grounds presented in this record to exclude this evidence. Therefore, Curry has failed to demonstrate a colorable claim of ineffective assistance of appellate counsel.

{¶12} Application denied.

_____

SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR